**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KRISTINA SHAVER** | : | |
| P.O. Box 3322 | : | |
| Frederick, MD 21705 | : | |
| | : | |
| *On behalf of herself and* | : | |
| *all others similarly situated* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: |
| | : | |
| **GILLS ELDERSBURG, INC.** | : | |
| 41 Heather Ln | : | CLASS AND COLLECTIVE ACTION |
| Perryville, MD 21903 | : | COMPLAINT |
| | : | |
| <u>SERVE RESIDENT AGENT</u>: | : | |
| Gurdip Gill | : | JURY TRIAL DEMANDED |
| 41 Heather Ln | : | |
| Perryville, MD 21903 | : | |
| | : | |
| **GILLS WESTMINSTER, INC.** | : | |
| 41 Heather Ln | : | |
| Perryville, MD 21903 | : | |
| | : | |
| <u>SERVE RESIDENT AGENT</u>: | : | |
| Gurdip Gill | : | |
| 41 Heather Ln | : | |
| Perryville, MD 21903 | : | |
| | : | |
| **GURDIP GILL** | : | |
| 41 Heather Ln | : | |
| Perryville, MD 21903 | : | |

**<u>COMPLAINT</u>**

Plaintiff KRISTINA SHAVER (hereinafter "Plaintiff"), by and through the undersigned

counsel, and for herself and all others similarly situated, hereby files this class and collective

action Complaint against Defendants, GILLS ELDERSBURG, INC., GILLS WESTMINSTER,

INC. and GURDIP GILL (collectively "Defendants" or "Gills"), to recover unpaid minimum

RUBIN EMPLOYMENT LAW
FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

wage, overtime pay, liquidated damages, treble damages, reasonable attorney's fees and costs under § 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"); the Maryland Wage and Hour Law, Labor and Employment Article §§ 3-401 et seq, and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 et seq., and states as follows:

## **INTRODUCTION**

1. Defendant GILLS ELDERSBURG, INC. is a Maryland corporation conducting business in Carroll County, Maryland.

2. Defendant GILLS ELDERSBURG, INC. is doing business as Denny's Restaurant serving food to customers at 6400 Ridge Road, Eldersburg, MD 21784 ("the Eldersburg location").

3. Defendant GILLS WESTMINSTER, INC. is a Maryland corporation doing business in Carroll County, Maryland.

4. Defendant GILLS WESTMINSTER, INC. is doing business as Denny's Restaurant serving food to customers at 400 Englar Road, Westminster, MD 21157 ("the Westminster location").

5. Defendant GURDIP GILL is the owner and resident agent of Defendants, GILLS ELDERSBURG, INC. and GILLS WESTMINSTER, INC.

6. Plaintiff KRISTINA SHAVER ("Ms. Shaver") is a Maryland resident. She has agreed to opt in to this action as shown by Exhibit A.

7. Defendants failed to pay Plaintiff and all other similarly situated employees minimum wage and overtime compensation.

RUBIN EMPLOYMENT LAW
FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

2

**JURISDICTION AND VENUE**

8.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, a federal statute.

9.  This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367, as to claims under Maryland law.

10. Venue is proper in this District under 28 U.S.C. §1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

**FACTS**

11. Defendants operate and control two enterprises engaged in commerce, each enterprise with an annual gross volume of business exceeding $500,000.00.

12. Defendant GURDIP GILL is actively engaged in the management and direction of employees, including those employees who set the pay rate and hours of the Plaintiff (and those similarly situated), and possesses the authority and discretion to fix, adjust, and determine hours worked and amounts paid with respect to all of Defendants' employees. GURDIP GILL is authorized to issue checks on corporate accounts and has custody and control of employment records and is responsible for maintaining those records.

13. At all times material herein, GURDIP GILL was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the MWHL MD Lab. and Empl. Section 3-401(b), and the MDWPCL MD Lab. and Empl. Section 3-501(b). Thus, GURDIP GILL and the other two Defendants, GILLS ELDERSBURG, INC. and GILLS WESTMINSTER, INC., are jointly and individually liable under for damages to the Plaintiff.

RUBIN EMPLOYMENT LAW
FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

14. Plaintiff, on behalf of herself and other similarly situated, brings this claim, under § 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, the Maryland Wage and Hour Law (MDWHL"), Maryland Code, Labor and Employment Article §§ 3-401 et seq., and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 et seq., to recover unpaid minimum wage, overtime pay, liquidated damages, pre and post-judgment interest, treble damages and reasonable attorney's fees and costs.

15. Ms. Shaver worked for Defendants at the Eldersburg location as an hourly paid Server from approximately May 2008 to June 2014.

16. Ms. Shaver worked for Defendants at the Westminster location as an hourly paid Server from approximately June 2014 to August 2014.

17. Defendants paid Plaintiff and all others similarly situated by the hour.

18. Plaintiff and all other employees similarly situated regularly worked for Defendants for more than forty (40) hours per week.

19. Plaintiff's pay rate was $3.63 per hour plus tips.

20. Defendants altered Plaintiff's time records per week and failed to pay her minimum wage and overtime premium.

21. For example, for the work week of July 31, 2014 to August 6, 2014. Plaintiff worked approximately 43 hours. However, Defendants' payroll detail report shows Plaintiff was paid for only 34.88 hours for a total of $287.69 consisting of $126.63 in wages and $161.06 in tips. As such, Plaintiff was paid below minimum wage and was not paid any overtime compensation.

RUBIN EMPLOYMENT LAW
FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

4

22. Defendants maintain a common policy and practice, which applies to all, or nearly all of its hourly employees, in which Defendants do not pay the required minimum wage or overtime premium for hours worked over forty (40) in a week.  All or nearly all of the hourly-paid employees employed by Defendants are compensated in the same manner.

23. Defendants were required by law to record the accurate and complete hours worked by Plaintiff and all other similarly situated employees. Defendants have, or should have, records sufficient to permit a calculation of the hours worked, the unpaid minimum wages and the overtime underpayments, for Ms. Shaver, and all others similarly situated.

24. At this time and prior to conducting discovery, Plaintiff does not have sufficient documents or information in her possession to calculate the exact amount of the unpaid minimum wage and overtime compensation. Plaintiff reserves the right to offer appropriate calculations based wholly or in part upon information with the control of Defendants, and to request appropriate awards concerning Plaintiff, and all others similarly situated, for whom it has not yet been practicable to offer a calculation of backpay due.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT
### (MINIMUM WAGE & OVERTIME)

25. Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

26. Section 206(a)(1) of the FLSA provides that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages…not less than $7.25 an hour…" Section 207(a)(1) of the FLSA

RUBIN EMPLOYMENT LAW FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receive compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

27. Plaintiff was an "employee" covered by the FLSA. Defendants were her "employer" under the FLSA. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for minimum wage and overtime hours worked, at the correct rate.

28. The proposed collective members are all former and current hourly employees of Defendants who were not paid minimum wage and/or overtime at the FLSA required overtime rate for hours worked in excess of forty (40) in any given week.

29. Plaintiff and all others similarly situated worked overtime on a regular basis. Plaintiff and all others similarly situated were entitled to, and are owed, overtime pay at the rate of one and one-half (1 ½) times their regular rate of pay for hours worked in excess of forty (40) hours in a given work week.

30. Defendants have failed and refused to compensate Plaintiff and all others similarly situated properly and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

## COUNT II
## VIOLATION OF THE MARYLAND WAGE AND HOUR LAW
### (MINIMUM WAGE & OVERTIME)

31. Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

RUBIN EMPLOYMENT LAW
FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

32. Plaintiff, on behalf of the putative class members, brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for Defendants' violations of the Maryland Wage and Hour Law by failing to pay Plaintiff and the putative class members' minimum wage and wages earned for working overtime.

33. The Maryland Wage and Hour Law requires each employer shall pay employees minimum wage and an overtime wage of at least one and one-half (1 ½) times the usual hourly wage.

34. Plaintiff was an "employee" covered by the Maryland Wage and Hour Law.

35. Defendants were her "employers" under the Maryland Wage and Hour Law. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff minimum wage and also for overtime hours worked, at the overtime rate.

36. Plaintiff worked overtime on a regular basis.  Plaintiff was entitled to, and is owed, overtime pay at the rate of one and one-half (1 ½) times her regular rate of pay for hours worked in excess of forty (40) hours in a given work week.

37. Defendants have failed and refused to compensate Plaintiff and all putative class members at minimum wage and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the Maryland Wage and Hour Law was willful and intentional, and not in good faith.

### COUNT III
### VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW
### (MINIMUM WAGE & OVERTIME)

38. Plaintiff adopts and incorporates by reference all averments in the foregoing paragraphs.

RUBIN EMPLOYMENT LAW
FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

7

39. Defendants have failed and continue to fail to pay to Plaintiff promised and earned wages, which are due and owing to her.

40. Section 3-501(c) of MWPCL defines wages as including "minimum wage" and "overtime wages."

41. Section 3-502 of the MWPCL requires an employer to pay all wages earned "at least once in every 2 weeks or twice in each month."

42. Defendants paid their employees on a bi-weekly pay schedule.

43. Defendants violated Section 3-502 of the MWPCL by failing to pay Plaintiff earned minimum wage and overtime wages on time.

44. Section 3-505 of the MWPCL requires employers to pay an employee "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated.

45. Defendants violated Section 3-505 by failing to pay Ms. Shaver her minimum wage and overtime wages at any time on or before the employment relationship between the parties terminated or when they became due under the Maryland Wage Payment and Collection Law.

46. The aforesaid actions and/or omissions of Defendants are in contravention of the Maryland Wage Payment and Collection Law.  Maryland Employment & Labor Code Ann., Sec. 3-505.

47. The Court is permitted to award Plaintiff treble damages and reasonable counsel fees for any violation of the Maryland Wage Payment Collection Law. Maryland Employment & Labor Code Ann., Sec. 3-507.2.

RUBIN EMPLOYMENT LAW
FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

8

**Prayer**

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees; and in support thereof, requests this Honorable Court to issue the following Orders:

(a)     Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), issue an appropriate Notice to potential opt-in Plaintiffs who performed hourly work for Defendants and were not paid minimum wage or overtime, and supervise the maintenance of this collective action;

(b)     Certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure under the Maryland state law;

(c)     Declare that Defendants' wage and hour policy and practice alleged herein violate the FLSA;

(d)     Declare that Defendants' wage and hour policy and practice alleged herein violate the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection law;

(e)     Order Defendants to cease the illegal wage and hour policy and practice complained herein;

(f)     Order Defendants to pay Plaintiff and those similarly situated for all unpaid minimum wage and overtime payments determined by the Court to be due and owing to the Plaintiff and those similarly situated under the FLSA, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage and overtime wage payments awarded to Plaintiff, for the three year preceding the filing of this lawsuit;

RUBIN EMPLOYMENT LAW
FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

(g)     Award Plaintiff and all putative class members for all unpaid minimum wage and overtime wages in such amounts to be proved at trial and all other damages authorized by the Maryland state law;

(h)     Award Plaintiff treble damages under Count III, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate;

(i)     Order Defendants to turn over to Plaintiff, at their own expense, a detailed investigative accounting for the number of hours worked by Plaintiff and each putative collective/class member each workweek;

(j)     Award the lead Plaintiff(s) incentive award;

(k)     Award Plaintiff and those similarly situated their attorneys' fees and costs in pursuing this action;

(l)     Award Plaintiff and those similarly situated interest on any sums determined due and owing from Defendants;

(m)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

(n)     Award any and all other forms of relief the Court deems just and proper.

Dated: December 19, 2014                    Respectfully submitted,

**RUBIN EMPLOYMENT LAW FIRM, PC**

By:  _s/ James E. Rubin
James E. Rubin
11 North Washington Street, Suite 520
Rockville, MD 20850
Telephone: (301) 760-7914
Facsimile: (301) 838-0322
jrubin@rubinemploymentlaw.com

RUBIN EMPLOYMENT LAW
FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

-And-

**JTB LAW GROUP, LLC**
Jason T. Brown
Zijian Guan
155 2nd St., Suite 4
Jersey City, NJ 07302
Telephone: (201) 630-0000
Facsimile: (855) 582-5297
Jtb@jtblawgroup.com
cocozguan@jtblawgroup.com

## JURY DEMAND

Plaintiff demands a jury trial on all of the matter raised in the complaint.

_____/s/_____
James E. Rubin

RUBIN EMPLOYMENT LAW
FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914