IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KRISTINA SHAVER, et al,                      *

      Plaintiffs,                                  *

v.                                           *                    Civil Case No. 14-3977-JMC

GILLS ELDERSBURG, INC., et al,               *

      Defendants.                                  *

* * * * * * *

## MEMORANDUM AND ORDER

    This case involves wage-and-hour claims brought by Plaintiffs, on behalf of themselves and all others similarly situated, against Defendants, their former employers, who at times relevant to this action owned or operated two Denny's franchise restaurants in Westminster and Eldersburg, Maryland.  Plaintiffs assert a collective action claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and class action claims under the Maryland Wage and Hour Law ("MWHL"), the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-427, 3-507, and Federal Rule of Civil Procedure 23.  (Am. Compl., ECF No. 39.)  In support of Plaintiffs' claims, they allege that Defendants required employees to work off the clock and shaved employees' recorded hours without proper compensation, such that employees did not receive minimum wage or overtime pay.  The action was initiated by Plaintiff Kristina Shaver on December 19, 2014, and Plaintiffs Marisa Furr and Ryan Lane later opted-in.  (ECF No. 1, 24, 25.)  On October 6, 2015, this Court conditionally certified the FLSA collective as encompassing all hourly employees of Defendants Gurdip Gill, Gills Eldersburg, Inc., and Gills Westminster, Inc., from January 18, 2013 to that date. (ECF No. 60.)  On that same date, the parties reached a settlement agreement to resolve Plaintiffs' FLSA and Maryland

law claims on a class-wide basis. Presently pending before the Court is the parties' Joint Motion for Preliminary Approval of the Settlement and Certification of the Settlement Class.  (ECF No. 85.)

The Settlement Agreement executed by the parties requires Defendants to pay up to $300,000.00, to be divided as follows:  (1) attorney's fees and costs to Settlement Class Counsel, in an amount to be approved by the Court before the Final Fairness Hearing, but not to exceed $90,000.00; (2) incentive awards to the Class Representatives, in the amount of $8,500.00 to named Plaintiff Kristina Shaver, and $2,000.00 each to opt-in Plaintiffs Marisa Furr and Ryan Lane; (3) an administration fee to the Claims Administrator in the amount of $22,500.00 for administrating the settlement; and (4) distribution to the settlement class members of at least $175,000.00 (exclusive of the incentive awards outlined above). The Settlement Agreement provides for the distribution to the settlement class members based on a formula which multiplies a "settlement ratio" (.08) by the applicable minimum wage ($7.25/hour) by an "enhancement multiplier" (1.25).  (Settlement Agreement § 10(m), Joint Mot. Ex. E, ECF No. 85-6.)

The payment structure reflects the hybrid nature of Plaintiffs' Amended Complaint and the different procedures governing Rule 23 class actions and FLSA collective actions. The agreement anticipates that a potential settlement class member may submit a claim form by which that member will indicate that he wishes to fully participate in the settlement and release federal and state claims against Defendants.  (Settlement Agreement §10(c)-(d); Claim Form, Joint Mot. Ex. B, ECF No. 85-3.)  By submitting the claim form, a member both opts-in to the FLSA settlement collective and declines to opt-out of the Rule 23 state law class.   In the alternative, a potential settlement class member may opt-out of the settlement by submitting an opt-out form.  (Settlement Agreement § 10(e); Opt-Out Form, Joint Mot. Ex. C, ECF No. 85-4.)

By submitting the opt-out form, a potential member receives no payment, is not bound by the settlement, and does not release state or federal wage-and-hour claims against Defendants.  In the event that a potential class member neither opts-in to the FLSA collective by submitting the claim form, nor opts-out of the Rule 23 state law class by submitting the opt-out form, that member will receive a portion of the settlement distribution he would be entitled to under the distribution formula.  (Settlement Agreement § 10(m)(E).)  By virtue of his failure to opt-out of the Rule 23 state law class, a member in this category is deemed only to release his state law wage-and-hour claims against Defendants.

Approval of a Rule 23 class action settlement generally involves a two-step process.  At the first stage, the terms of the proposed settlement must be reviewed in order to issue a preliminary fairness evaluation. Preliminary approval should be granted when a proposed settlement is "within the range of possible approval," subject to further consideration after a final fairness hearing at which interested parties have had an opportunity to object.  *Benway v. Resource Real Estate Servs., LLC*, No. 05-cv-3250-WMN, 2011 WL 1045597, at *4 (D. Md. Mar. 16, 2011) (citing *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994)).  Where a class-wide settlement is presented for approval prior to class certification, there must also be a preliminary determination that the proposed settlement class satisfies the prerequisites set forth in Federal Rule of Civil Procedure 23(a) and at least one of the subsections of Rule 23(b).  *Cf. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (explaining that the "dominant concern" of the Rule 23 (a) and (b) safeguards – "whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives" – persists even where the case is resolved via settlement).  The parties must also be directed to provide notice to the putative class members regarding the terms of the

3

proposed settlement and the date of a final fairness hearing, where arguments and evidence may be presented in support of, and in opposition to, the settlement. *See* Fed. R. Civ. P. 23(e). At the second stage, following the final fairness hearing, final approval will be granted if the parties establish that a settlement is fair and adequate. *See e.g. Whitaker v. Navy Fed. Credit Union*, No. 09-cv-2288-RDB, 2010 WL 3928616, at *2 (D. Md. Oct. 4, 2010) (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158-59 (4th Cir. 1991)).

A similar process is involved when parties seek approval of a settlement agreement that purports to resolve FLSA claims on behalf of a yet-to-be-certified collective action class.[1] First, an initial inquiry must be undertaken to determine whether the named plaintiff is similarly situated to the putative class members so that the class may be conditionally certified and so that notice may be sent to the putative class members. *See e.g., Edelen v. Am. Residential Servs., LLC*, No. 11-cv-2744-DKC, 2013 WL 3816986, at *2 (D. Md. Jul. 22, 2013) (explaining that the FLSA class was conditionally certified in the preliminary approval order). After putative class members have had the opportunity to object, it must be determined whether final certification of the class is warranted, and whether the settlement presents a fair and reasonable compromise of a *bona fide* dispute among the parties under the FLSA. *See Leigh v. Bottling Grp., LLC*, No. 10-cv-0218-DKC, 2011 WL 1231161, at *4 (D. Md. Mar. 29, 2011); *cf. Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (setting forth the framework for approval of FLSA settlement agreements).

---

[1] Because Judge Hollander previously conditionally certified an FLSA collective in this case, it is unclear whether I need to take this step. However, the collective certified by Judge Hollander encompassed a shorter time frame than the collective for which Defendants now seek approval, so I will briefly address conditional certification below. In doing so, I note that the shorter time frame of the collective certified by Judge Hollander was apparently due to concerns over the fact that the motion for conditional certification was filed prior to the joinder of two additional Defendants, such that those Defendants were not subject to the motion and had not opposed it. (See ECF Nos. 57, 59.) By contrast, all Defendants were parties to the Settlement Agreement and join in the instant motion for approval, so the issues confronted by Judge Hollander at that stage no longer impede conditional certification of the FLSA collective during the requested time frame.

Upon consideration of the parties' joint motion and a thorough review of the Settlement Agreement, and subject to further consideration at the hearing described in paragraph 11 below, it is this 25th day of April, 2016 ORDERED as follows:

1.      The parties' Joint Motion for Preliminary Approval of the Settlement and Certification of the Settlement Class is GRANTED;

2.      Subject to further consideration at the Final Fairness Hearing, the terms of the Settlement Agreement, attached as Exhibit E to the parties' joint motion (ECF No. 85-6), are preliminarily approved (a) as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e); and (b) as a fair and reasonable compromise of a bona fide dispute between the parties under the FLSA.

3.      For settlement purposes only, and subject to further consideration at the Final Fairness Hearing, the following class of individuals ("the Class Members") is CONDITIONALLY CERTIFIED both (a) as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) ("the Rule 23 Class"); and (b) as a collective action pursuant to 29 U.S.C. § 216(b) ("the Collective Class"):

> Hourly paid workers (including servers, cooks, hosts, dishwashers, and hourly supervisors) employed by Defendants at Denny's Westminster or Denny's Eldersburg between December 19, 2011 and December 19, 2014.

5.      The Court preliminarily finds that the Rule 23 Class meets the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) insofar as:

a.      The number of class members – approximately 400 – is so numerous that joinder of all members thereof is impracticable;

b.      There are questions of law and fact common to the Rule 23 Class, including but not limited to the question of whether Defendants' alleged practice of requiring

employees to work off the clock and shaving employees' recorded hours without proper compensation between December 19, 2011 and December 19, 2014 violated the MWHL and the MWPCL;

c.    Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent because their claims arise from the same factual and legal circumstances that form the bases of those claims – namely Defendants' alleged practice of requiring employees to work off the clock and shaving employees' recorded hours without proper compensation;

d.    Plaintiffs and Class Counsel have and will fairly and adequately represent the interests of the Rule 23 Class because Plaintiffs' interests are not at odds with those of the Class Members and because Class Counsel are qualified, experienced, and competent (see ECF Nos. 85-8, 85-9, 85-10);

e.    The questions of law or fact common to the Rule 23 Class predominate over any factual or legal variations among the Class Members, including any variation in the number of uncompensated hours worked by Class Members between December 19, 2011 and December 19, 2014;

f.    Class adjudication of Class Members' MWHL and MWCPL claims is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, whose MWHL and MWCPL claims are relatively small; and because, to Plaintiffs' knowledge, no Class Member has initiated other litigation challenging Defendants' method of calculating pay for hourly employees of Denny's Eldersburg or Denny's Westminster during the period between December 19, 2011 and December 19, 2014;

5.      The Court preliminarily finds that the Collective Class meets the prerequisites for a collective action under 29 U.S.C. § 216(b) because the Class Members are similarly situated by virtue of Defendants' alleged practice of requiring employees to work off the clock and shaving employees' recorded hours without proper compensation at Denny's Eldersburg and Denny's Westminster during the period between December 19, 2011 and December 19, 2014;

6.      Plaintiffs Kristina Shaver, Marisa Furr, and Ryan Lane are APPOINTED to serve as the Class Representatives of both the Rule 23 Class and the Collective Class;

7.      Jason T. Brown and Zijian "Coco" Guan, of JTB Law Group, and James E. Rubin, of Rubin Employment Law Firm, P.C., are APPOINTED to serve as Class Counsel for the Rule 23 Class pursuant to Federal Rule of Civil Procedure 23(g) and for the Collective Class;

8.      Kurtzman Carson Consultants ("KCC") is APPOINTED to serve as the Claims Administrator for the Settlement Agreement;

9.      The Notice, attached to the Joint Motion as Exhibit A, and the notice protocols set forth in Section 10 of the Settlement Agreement are APPROVED pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), and the parties are directed to strictly follow the agreed upon protocols;

10.      Class Members who wish to object to the Settlement Agreement must follow the procedures described in Section VII of the Notice, and Class Members who wish to exclude themselves from the Rule 23 Class must follow the procedures described in Section VIII of the Notice;

11.      Pursuant to Federal Rule of Civil Procedure 23(e), a Final Fairness Hearing addressing final approval of the Settlement Agreement – which shall include an assessment of Class Counsel's requested attorney's fees and expenses and of the incentive fees requested on

behalf of the Class Representatives – shall be held before the undersigned on August 4, 2016 at 10:00 a.m. at the United States District Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201;

12.     Defendants are ordered to comply with the notice requirements of the Class Action Fairness Act of 2005, set forth in 28 U.S.C. § 1715(b);

13.     At least fourteen days prior to the Final Fairness Hearing, Class Counsel shall file all papers in support of (a) final approval of the Settlement Agreement as fair, reasonable and adequate within the meaning of Federal Rule of Civil Procedure 23(e); (b) final approval of the Settlement Agreement as a reasonable and fair compromise of a bona fide dispute between the parties under the FLSA; (c) final certification of the Rule 23 Class; (d) final certification of the Collective Class; (e) the attorney's fees and expenses requested by Class Counsel; and (f) the incentive fees requested on behalf of the Class Representatives;

14.     All proceedings in this action are hereby stayed pending the Final Fairness Hearing; and

15.     The Clerk will transmit copies of this Memorandum and Order to counsel for the parties.


Dated April 25, 2016                              _____/s/_____
                                                   J. Mark Coulson
                                                   United States Magistrate Judge